J-S28003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MEGAN BATYKEFER | |
| Appellant | No. 520 WDA 2016 |

Appeal from the Judgment of Sentence November 10, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000182-2015

BEFORE:  OLSON, MOULTON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 08, 2017**

Appellant, Megan Batykefer, appeals from the judgment of sentence entered on November 10, 2015, as made final by the denial of Appellant's post-sentence motion on March 15, 2016.  We affirm.

The trial court ably summarized the underlying facts of this case.  As the trial court explained:

> In 2014, Appellant was employed as a rowing coach at North Allegheny High School, in Wexford, Allegheny County. The male victim was a senior at that high school, and a member of the rowing team.  Appellant and the victim engaged in sexual intercourse multiple times from April through June of 2014.  These encounters occurred after the victim turned [18], but before he graduated from high school on June 13, 2014.[fn.1]
>
>> [fn.1] At Appellant's nonjury trial, there was no dispute regarding the conduct involved, and Appellant acknowledged that she engaged in consensual sexual activity with the male victim multiple times during April, May, and June of 2014.  The sole basis for her

* Retired Senior Judge assigned to the Superior Court.

> requesting an acquittal was premised on the alleged unconstitutionality of the statute under which she was charged.

Trial Court Opinion, 1/5/17, at 4.

The Commonwealth charged Appellant with one count of institutional sexual assault. 18 Pa.C.S.A. § 3124.2(a.2)(1). Following a bench trial, the trial court found Appellant guilty of the charged crime and, on November 10, 2015, the trial court sentenced Appellant to serve a standard-range sentence of eight to 23 months in jail, followed by three years of probation. N.T. Sentencing, 11/20/15, at 2 and 14.

Appellant filed a timely post-sentence motion, where she claimed that the verdict was against the weight of the evidence and that the statute under which she was convicted is unconstitutional. *See* Appellant's Omnibus Post-Sentence Motion, 11/20/15, at 1-4; Appellant's Amended Omnibus Post-Sentence Motion, 12/21/15, at 1-3. Further, Appellant declared in passing that her counsel would "be consulting [] with [Appellant's] psychiatrist regarding [Appellant's] mental state before and after the alleged offense," but Appellant did not specifically request any post-trial relief on this issue. *See* Appellant's Motion for Leave to File Supplemental Motion to Reconsider Sentence, 11/20/15, at 1-4 and "Wherefore" Clause (some internal capitalization omitted).

On March 15, 2016, the trial court denied Appellant's post-sentence motion and Appellant filed a timely notice of appeal to this Court. Appellant raises the following issues on appeal:

- 2 -

[1.] Was the evidence insufficient as a matter of law to prove [Appellant] was guilty of sexual intercourse with a student, pursuant to [18 Pa.C.S.A. § 3124.2(a.2)(1)]?

[2.] Did the trial court err as a matter of law in determining that [18 Pa.C.S.A. § 3124.2(a.2)(1)] relating to institutional sexual assault is enforceable and not constitutionally vague?

[3.] Did the trial court err as a matter of law in determining that [18 Pa.C.S.A. § 3124.2(a.2)(1)] relating to institutional sexual assault is enforceable and not unconstitutionally overbroad upon a basis that it punishes a substantial amount of conduct protected by the United States and Pennsylvania Constitutions?

[4.] Is [18 Pa.C.S.A. § 3124.2(a.2)(1)] overly broad and in violation of the 14th Amendment because it aims to criminalize and prohibit lawful sexual conduct between two adults who consented?

[5.] Did the trial court err in denying the supplemental post-sentence motion to modify [Appellant's] sentence and impose a shorter period of incarceration?

Appellant's Brief at 2 (some internal capitalization omitted).

We have reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able trial court judge, the Honorable Edward J. Borkowski. We conclude that there has been no error in this case and that Judge Borkowski's opinion, entered on January 5, 2017, meticulously and accurately disposes of Appellant's issues on appeal. Therefore, we affirm on the basis of Judge Borkowski's thorough opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Borkowski's opinion.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/8/2017



IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

APPELLEE,

V.

MEGAN BATYKEFER,    CC NO.: 201500182

APPELLANT.

520 WDA 2016

**OPINION**

FILED BY:

THE HONORABLE
EDWARD J. BORKOWSKI

COPIES TO:

Christopher N. Urbano, Esq.
310 Grant Street, Suite 1220
Pittsburgh, PA 15219

Michael Streily, Esq.
Office of the District Attorney
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219



IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,     CRIMINAL DIVISION

APPELLEE,

V.

MEGAN BATYKEFER,          CC NO.: 201500182

APPELLANT.

## OPINION

BORKOWSKI, J.

## PROCEDURAL HISTORY

Appellant, Megan Batykefer, was charged by criminal information (CC 201500182) with one count of institutional sexual assault.[1]

On August 6, 2015, Appellant appeared before the Trial Court for a stipulated nonjury trial. The Trial Court took the matter under advisement. On August 13, 2015, the Trial Court found her guilty, and in conjunction with that filed an Opinion and Order of Court regarding Appellant's challenge to the constitutionality of 18 Pa. C.S. § 3124.2(a.2)(1).

---

[1] 18 Pa. C.S. § 3124.2(a.2)(1).

2

On November 10, 2015, Appellant was sentenced by the Trial Court to eight to twenty-three months incarceration, followed by three years of probation. As a result of Appellant's conviction, she was also required to register as a sex offender under SORNA for twenty-five years.

On November 20, 2015 and December 21, 2015, Appellant filed post-sentence motions to reconsider, which were denied by the Trial Court on March 15, 2016.

Appellant filed a timely notice of appeal on April 12, 2016. The Superior Court dismissed Appellant's appeal on June 3, 2016, but reinstated Appellant's appeal on June 20, 2016. Following several petitions for extension of time, Appellant filed her Concise Statement of Errors on November 15, 2016.

## STATEMENT OF ERRORS ON APPEAL

Appellant raises the following issues on appeal, and they are presented below exactly as Appellant presented them (in a "bulleted" format):

- The evidence was insufficient as a matter of law to prove Ms. Batykefer was guilty of Sexual Intercourse with a Student, pursuant to 18 Pa. C.S. § 3124.2(a)(21).
- The trial court erred as a matter of law in determining that 18 Pa.C.S.A. § 3124.2(a.2)(1) relating to institutional sexual assault is enforceable and not unconstitutionally vague.
- The trial court erred as a matter of law [in] determining that 18 Pa.C.S.A. § 3124.2(a.2)(1) relating to institutional sexual assault is enforceable and not unconstitutionally overbroad upon a basis that it punishes a substantial amount of conduct protected by the United States and Pennsylvania Constitutions.

3

- 18 Pa. C.S. § 3124.2(a)(21) is overly broad and in violation of the 14th Amendment because it aims to criminalize and prohibit lawful sexual conduct between two adults who consented.
- That activity of adults engaging in consensual sexual relations is a fundamental right protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.
- The activity of adults to engage in a consensual relationship is a fundamental right protected by Article 1, Section 9 of the Pennsylvania Constitution.
- The Trial Court erred in denying the Supplemental Post-Sentence Motion to modify the Petitioner's sentence and impose a shorter period of incarceration.
  - The sentence imposed is excessive and unjustly harsh under the circumstances.

## FINDINGS OF FACT

In 2014, Appellant was employed as a rowing coach at North Allegheny High School, in Wexford, Allegheny County. The male victim was a senior at that high school, and a member of the rowing team. Appellant and the victim engaged in sexual intercourse multiple times from April through June of 2014. These encounters occurred after the victim turned eighteen, but before he graduated from high school on June 13, 2014.[2]

---

[2] At Appellant's nonjury trial, there was no dispute regarding the conduct involved, and Appellant acknowledged that she engaged in consensual sexual activity with the male victim multiple times during April, May, and June of 2014. The sole basis for her requesting an acquittal was premised on the alleged unconstitutionality of the statute under which she was charged.

4

# DISCUSSION

Appellant raises seven unnumbered "bulleted" claims in her Concise Statement. For the clarity of analysis and convenience of all parties, the Trial Court has numbered Appellant's arguments, and consolidated those claims that are properly considered together. Furthermore, while Appellant cites both 18 Pa. C.S. § 3124.2(a)(21) and 18 Pa.C.S.A. § 3124.2(a.2)(1), the Trial Court assumes that Appellant at all times meant to cite to 18 Pa. C.S. § 3124.2(a.2)(1) when referencing institutional sexual assault of a student, as that is the section of the penal statute under which Appellant was charged and convicted.

## I.

Appellant alleges in her first claim that the evidence was insufficient to sustain Appellant's conviction at 18 Pa. C.S. § 3124.2(a.2)(1). This claim is without merit.

The standard of review for sufficiency of the evidence claims has been stated thusly:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is

5

so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Gray*, 867 A.2d 560, 567 (Pa. Super. 2005). The subsection with which Appellant was charged defines institutional sexual assault as follows:

> [A] person who is a volunteer or an employee of a school or any other person who has direct contact with a student at a school commits a felony of the third degree when he engages in sexual intercourse, deviate sexual intercourse or indecent contact with a student of the school.

18 Pa. C.S. 3124.2(a.2)(1).

Notably, Appellant has failed to state which element was not proven beyond a reasonable doubt. Nonetheless, it is apparent from the record that the evidence established beyond a reasonable doubt that Appellant's conduct constituted institutional sexual assault. The statute defines the term "employee" as:

> An independent contractor who has a contract with a school for the purpose of performing a service for the school, a coach, an athletic trainer, a coach hired as an independent contractor by the Pennsylvania Interscholastic Athletic Association or an athletic trainer hired as an independent contractor by the Pennsylvania Interscholastic Athletic Association.

6

18 PA. C.S. § 3124.2(a.2)(2)(ii)(A)(II). The definition of "employee" clearly encompasses Appellant's position as a contracted rowing coach at North Allegheny High School, and thus Appellant was subject to the prohibitions proscribed therein. While "student" is not defined by the statute, there is no question that the victim in this case was a student at North Allegheny High School when the sexual relationship between Appellant and the victim began. Finally, both Appellant and the victim acknowledged that they were involved in a sexual relationship. Thus, the evidence was sufficient to establish that Appellant committed institutional sexual assault. *See* 18 Pa. C.S. 3124.2(a.2)(1).

Appellant's claim is without merit.

## II.

In Appellant's second, third, fourth, fifth, and sixth bulleted claims, Appellant challenges the constitutionality of 18 Pa. C.S. § 3124.2(a.2)(1). Specifically, Appellant alleges that 18 Pa. C.S. § 3124.2(a.2)(1) is: (A) unconstitutionally vague; and (B) unconstitutionally overbroad because it criminalizes conduct which is protected as a fundamental right by the Pennsylvania and United States constitutions, namely lawful sexual conduct between two consenting adults. The Trial Court discussed these claims at length in its Opinion and Order of Court, August 13, 2015, and incorporates that by reference for present purposes.

7

The Pennsylvania Supreme Court has stated the standard for analyzing the constitutionality of criminal statutes as follows:

> [W]e begin our analysis by recognizing that there is a strong presumption in the law that legislative enactments do not violate the constitution. Moreover, there is a heavy burden of persuasion upon one who challenges the constitutionality of a statute. As a matter of statutory construction, we presume the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth. A statute will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution; all doubts are to be resolved in favor of a finding of constitutionality.

*Commonwealth v. Mayfield*, 832 A.2d 418, 421 (Pa. 2003) (citations and quotations omitted) (discussing the constitutionality of 18 Pa. C.S. § 3124.2(a); sexual relations between Department of Corrections employees and inmates).

## A.

Appellant first claims that the statute is unconstitutionally vague. The standard for reviewing a criminal statute for unconstitutional vagueness is well settled:

> [T]he terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties.... [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the essential of due process of law. The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory

8

enforcement. Due process is satisfied if the statute provides reasonable standards by which a person may gauge his future conduct.

*Commonwealth v. Mayfield*, 832 A.2d 418, 422 (Pa. 2003) (citations and quotations omitted).

The subsection with which Appellant was charged defines institutional sexual assault as follows:

> [A] person who is a volunteer or an employee of a school or any other person who has direct contact with a student at a school commits a felony of the third degree when he engages in sexual intercourse, deviate sexual intercourse or indecent contact with a student of the school.

18 Pa. C.S. § 3124.2(a.2)(1).

The statute defines the term "employee" as:

> An independent contractor who has a contract with a school for the purpose of performing a service for the school, a coach, an athletic trainer, a coach hired as an independent contractor by the Pennsylvania Interscholastic Athletic Association or an athletic trainer hired as an independent contractor by the Pennsylvania Interscholastic Athletic Association.

18 Pa. C.S. § 3124.2(a.2)(2)(ii)(A)(II).

The definition of "employee" clearly encompasses Appellant's position as a contracted rowing coach at North Allegheny High School, and thus Appellant was an "employee" for purposes of the statute. While "student" is not defined by the statute, the plain meaning of that term clearly encompasses individuals in twelfth grade attending high school, and thus the victim was a "student" for purposes of

the statute. The statute does not require that the student be a minor, but rather proscribes sexual relations between an employee of a school and a student of the school. The statute is not vague, but rather clearly sets forth the persons prohibited from engaging in sexual activity with any student at a school. Thus, an ordinary person could understand what conduct was prohibited by the statute.

Simply put, as applied to Appellant's circumstance and conduct, the statute could not be clearer, and the Trial Court properly found that the statute was not unconstitutionally vague. *See Mayfield*, 832 A.2d at 422-423 (institutional sexual assault statute clearly prohibited defendant's conduct even though "employee" and "inmate" were undefined in that subsection as county corrections officer was unquestionably an employee and the victims were unquestionably inmates at the time of the sexual relations).

Appellant's claim is without merit.

### B.

Appellant next challenges the statute as unconstitutionally overbroad because it criminalizes an activity protected by the Pennsylvania and United States constitutions as a fundamental right. The standard for reviewing a criminal statute for unconstitutional overbreadth is well settled:

> A statute is overbroad if by its reach it punishes a substantial amount of constitutionally-protected conduct. If the overbreadth of the statute is substantial, judged in relation to its legitimate sweep, it may not be enforced against anyone until it is

narrowed to reach only unprotected activity. The function of overbreadth adjudication, however, attenuates as the prohibited behavior moves from pure speech towards conduct, where the conduct falls within the scope of otherwise valid criminal laws that reflect legitimate state interests.

*Mayfield*, 832 A.2d at 425. The statute criminalizing institutional sexual assault does not implicate First Amendment concerns, and thus a claim that the statute is overbroad will only be addressed as applied to Appellant's conduct. *Mayfield*, 832 A.2d at 424-425. A statute will be considered overbroad where the statute authorizes the punishment of constitutionally protected conduct. *Commonwealth v. Kitchen*, 814 A.2d 209, 212-213 (Pa. Super. 2002) (discussing the constitutionality of 18 Pa. C.S. §§ 6312(b) and (d) where defendant took nude photographs of his sixteen-year-old girlfriend).

While the United States Supreme Court has held that there is a due process right of consenting adults to engage in private sexual conduct free from governmental interference, that case specifically did "not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused." *Lawrence v. Texas*, 539 U.S. 558, 578 (2003). Just as sexual contact between correctional staff and inmates is not constitutionally protected because it is "rife with the possibility of coercion, both subtle and overt," the relationship between a high school coach and a student who is also on the team

that the coach oversees is similarly rife with influence of position and age disparity. *Mayfield*, 832 A.2d at 425-426.

As such, there is no constitutional protection for school employees to engage in sexual relations with their students. While the victim acknowledges that it was a consensual sexual relationship, the purpose of the statute is to protect students from such undue and coercive influence. The clear design and overriding purpose of this statute is the protection of the student and the school environment. The protective purpose entirely removes from the student, because of age (immaturity) and circumstance, the decision making component of sexual contact. The statute appropriately places that responsibility entirely and squarely on the shoulders of the person, who by maturity and professional position, is responsible for avoiding such activity.

Accordingly, Appellant's conduct here is not constitutionally protected, and the statute is not overbroad. *Mayfield*, 832 A.2d at 425-426; *see also Kitchen*, 814 A.2d at 213 (finding consent irrelevant in child pornography case where defendant took nude photographs of sixteen-year-old girlfriend given that the child pornography statute is protective in purpose).

Appellant's claim is without merit.

## III.

Appellant alleges in her final claim that the Trial Court erred in denying Appellant's post-sentence motion to modify her sentence because her sentence is excessive and "unjustly harsh under the circumstances." A defendant challenging the discretionary aspects of her sentence must satisfy a four-part test in order to invoke the Superior Court's jurisdiction to review the claim:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotations and citations omitted). Notably, Appellant has failed to state how her sentence is excessive. Moreover, Appellant failed to preserve her discretionary sentencing claim. Appellant filed three post sentence motions: two on November 20, 2015, and one on December 21, 2015. Appellant failed to seek a reduction in her sentence or challenge her sentence in any of these motions. Following the third post sentence motion, Appellant did not file any additional supplemental post sentence motions raising any sentencing claims, and the Trial Court denied Appellant's post sentence motions (regarding the weight of the evidence and the

13

constitutionality of the statute) on March 15, 2016. As such, Appellant failed to preserve this claim, and Appellant's sentencing claim is waived.[3]

## CONCLUSION

Based upon the foregoing, the judgment of sentence imposed by this Court should be affirmed.

By the Court,

DATE: January 5, 2017

_____ ,J.

Edward J. Borkowski

---

[3] Even if the Superior Court were to address Appellant's claim, it is clear that her sentence was not excessive or unjustly harsh. Prior to sentencing Appellant, the Trial Court considered the guidelines, Appellant's pre-sentence report, including her mental health history, and statements made on her behalf, and fashioned a sentence accordingly. Sentencing Transcript, November 10, 2015, pp. 12-15. The guidelines specifically were: probation in the mitigated range, three to twelve months incarceration in the standard range, and eighteen months in the aggravated range. The statutory limits were forty two to eighty four months incarceration. Appellant's sentence of eight to twenty three months incarceration, followed by three years probation, was within the guidelines.

14